

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| IN THE INTEREST OF E. O., A CHILD. | § | No. 08-19-00261-CV |
|---|---|---|
| | § | Appeal from the |
| | § | 65th District Court |
| | § | of El Paso County, Texas |
| | § | (TC#2018DCM1157) |
| | § | |

## CONCURRING OPINION

If the Court were writing on a clean slate, I would be inclined to vote with the dissent and find that there is no jurisdiction because the notice of appeal was not timely filed for the reasons stated in the dissenting opinion in *In re E.O.*, No. 08-19-00233-CV, 2019 WL 6111391, at *5-*6 (Tex.App.—El Paso Nov. 18, 2019, no pet.) (op. on reconsideration) (Rodriguez, J., dissenting).

However, there are important comity issues at play here. I was not on the original panel that issued the dismissal opinion; I was assigned to the panel afterwards. While larger courts of appeals deal with the ramifications of potential panel conflicts like this one on a daily basis, this situation is a somewhat rare occurrence for this three-justice Court where, for the most part, there is only one panel and nearly all decisions this Court renders are essentially en banc. However, when judicial transitions take place or visiting judges are otherwise added into the mix, this Court must face the same realities that our sister courts face—namely, that occasional disagreements

among panelists may arise. How, then, should we bridge the gap when a majority of one panel would vote one way, but the majority of another panel would vote a different way?

In this case, I recognize that the majority of a previous panel of this Court already decided the jurisdictional issue in this case. *See In re E.O.*, 2019 WL 6111391, at \*1-\*5 (Palafox, J., for the majority, joined by Barajas, S.C.J., sitting by assignment). Under these circumstances, I think that previous opinion should bind this panel, if not as a matter of precedent, *see* TEX.R.APP.P. 41.1(a) (establishing that "a panel's opinion constitutes the court's opinion" except as otherwise provided under the Rules of Appellate Procedure), then at least as a matter of discretion because it is law of the case.

As such, although I find the logic of the dissent to be persuasive, I will concur with Justice Palafox and find that law of the case controls the jurisdictional issue here at this later stage of litigation. With those comments, I fully join in the majority opinion as to the merits.


ANN CRAWFORD McCLURE, Chief Justice (Senior Judge)

January 17, 2020

2